STATE OF HAWAII, Plaintiff-Appellee, *v.* PHILLIP
VALENTINE, Defendant-Appellant

NO. 6940

MAY 6, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a conviction for
harassment, *Hawaii Revised Statutes* § 711-1106.

At the trial on April 15, 1977, defense counsel moved for
and the trial court ordered a psychiatric examination of appel-
lant pursuant to *Hawaii Revised Statutes* § 704-404 to deter-
mine whether, under the provisions of *Hawaii Revised Stat-
utes* § 704-400, appellant, at the time he committed the al-

leged conduct which is the basis for the charge in this case, did so because

> . . . as a result of physical or mental disease, disorder, or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

At the hearing on appellant's Motion for Judgment of Acquittal, Dr. William Higa, a duly qualified expert in psychology, testified that the appellant lacked substantial capacity to conform his performance to the requirements of law and that it was possible to view the behavior itself as "a disorder that uncontrollable aggression triggered." Appellant testified that during times of great emotional stress he entered a "bubble" in which he could not control his conduct.

Clearly, the presumption of sanity was overcome and the State had the burden of proving appellant's sanity beyond a reasonable doubt. *State v. Moeller*, 50 Haw. 110, 433 P.2d 136 (1967).

The standard that controls our determination of this case is stated in *State v. Nuetzel*, 61 Haw. 531, 606 P.2d 920 (1980) as follows:

> On appeal, the standard . . . in determining whether the motion for judgment of acquittal was correctly denied is whether the evidence, considered most favorably to the government, was such as to permit a rational conclusion . . . that the accused was sane beyond a reasonable doubt.

*Id.*, 61 Haw. at 537, 606 P.2d at 925. Neither of the medical doctors who testified in this case expressed an opinion as to the appellant's sanity. Dr. Higa's report, which was introduced in evidence, stated that he was offering no definite opinion in the report. His opinion at the hearing, however, clearly indicated an opinion that appellant lacked the requisite "substantial capacity." Unlike *Nuetzel, supra,* there was no testimony upon which a rational conclusion could be drawn by the trier of fact that the accused *was sane* beyond a reasonable doubt.

Accordingly, the judgment below is reversed. However, since the appellant is being acquitted on the ground of a

mental disorder or defect excluding responsibility, the court below shall proceed under the provisions of *Hawaii Revised Statutes* § 704-411.

Reversed and remanded for further proceedings consistent herewith.

*Milton Chang* for defendant-appellant.
*Robert S. Rodrigues* for plaintiff-appellee.